UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GENESA MENDES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WINNCOMPANIES LLC and ) <br> JOHN KUPPENS, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 23-10417-FDS |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**
**THE FIRST AMENDED COMPLAINT**

**SAYLOR, C.J.**

This is a case of alleged employment discrimination based on race, sex, and disability. Plaintiff Genesa Mendes was employed by defendant WinnCompanies LLC as a regional vice president. The complaint alleges that Mendes, a disabled black woman, was discriminated and retaliated against by defendant John Kuppens, her direct supervisor at WinnCompanies. According to the complaint, she resigned rather than endure a hostile work environment.

Mendes has moved for leave to file a second amended complaint to add certain factual allegations, remove four claims, and add one new claim.

**I.     Background**

Plaintiff filed the present action in Massachusetts state court on December 7, 2022. On January 30, 2023, she filed a first amended complaint. As amended, the complaint includes twelve counts.

Against both defendants, the amended complaint asserts four counts: intentional

infliction of emotional distress (Count 1); retaliation, in violation of Mass. Gen. Laws ch. 151B, § 4(4) (Count 4); discrimination based on aiding and abetting, in violation of Mass. Gen. Laws ch. 151B, § 4(5) (Count 6); and discrimination based on interference with rights enjoyed under Mass. Gen. Laws ch. 151B, in violation of Mass. Gen. Laws ch. 151B, § 4(4A) (Count 7).

The complaint asserts an additional eight counts against WinnCompanies: discrimination based on sex and race, in violation of Mass. Gen. Laws ch. 151B, § 4(1) (Counts 2 and 3); retaliation, in violation of 42 U.S.C. § 2000e-3 *et seq.* (Count 5); failure to accommodate disability, in violation of Mass. Gen. Laws ch. 151B, § 4(16) (Count 8); interference with rights under the Family and Medical Leave Act, in violation of 29 U.S.C. § 2615 (Count 9); breach of the implied covenant of good faith and fair dealing (Count 10); violation of the Massachusetts Equal Pay Act, Mass. Gen. Laws ch. 149, § 105A (Count 11); and violation of the federal Equal Pay Act, 29 U.S.C. § 206(d)(l) (Count 12).

On February 21, 2023, defendants removed this action to this Court. On February 28, 2023, defendants moved to dismiss Counts 1 through 8 and Count 10.

On March 9, 2023, plaintiff filed a motion for leave to file a second amended complaint. The proposed Second Amended Complaint would remove Counts 6, 7, 10, and 12; add an additional cause of action against WinnCompanies for violation of the Massachusetts Paid Family and Medical Leave Act, Mass. Gen. Laws ch. 175M, § 9 (new Count 8); and include various additional factual allegations relevant to all claims. For the reasons described below, plaintiff's motion for leave to file a second amended complaint will be granted.

**II.     Analysis**

Rule 15 of the Federal Rules of Civil Procedure addresses amendments to pleadings. Under Rule 15(a), a party may amend a "pleading" without leave of court in certain relatively narrow circumstances. "In all other cases, a party may amend its pleading[s] only with the

opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Nonetheless, amendments may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

Plaintiff filed the present motion to amend on March 9, 2023, nine days after defendants filed their motion to dismiss.  Defendants have offered no evidence that they will be unfairly prejudiced, and have not provided any other compelling reason why the delay will cause any undue harm; indeed, they did not file an opposition to the motion to amend.  Plaintiff did not unduly delay the proceedings by moving to amend the complaint while the motion to dismiss is pending and before a scheduling order has been entered.  Under the circumstances, the motion to amend will therefore be granted.

### III.    Conclusion

Accordingly, and for the foregoing reasons,

1. Plaintiff's second motion to amend the complaint (Dkt. No. 8) is GRANTED;
2. Defendants' motion to dismiss (Dkt. No. 5) is DENIED without prejudice to its renewal;
3. Plaintiff's motion to stay the deadline for opposing the motion to dismiss (Dkt. No. 9) is DENIED as moot; and
4. Plaintiff's motion for an extension of time to oppose the motion to dismiss (Dkt. No. 10) is DENIED as moot.

**So Ordered.**

                                                  /s/ F. Dennis Saylor IV  
                                                  F. Dennis Saylor IV  
Dated: April 3, 2023                          Chief Judge, United States District Court